IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
El PASO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) ) ) |
| U.S. DRUG MART, INC. d/b/a FABENS PHARMACY | ) ) ) |
| Defendant. | ) ) ) ) |

CIVIL ACTION NO. 3:21-cv-00232

C O M P L A I N T

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to David Calzada, Jr. who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, U.S. Drug Mart, Inc. d/b/a Fabens Pharmacy, discriminated against David Calzada, Jr. based on his disability in violation of the Americans With Disabilities Act (ADA) by subjecting him to a hostile work environment, resulting in his constructive discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction for the United States District Court for the Western District of Texas.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, as amended, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, U.S. Drug Mart, Inc. d/b/a Fabens Pharmacy has continuously been doing business in the State of Texas and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, as amended, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, as amended, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEDURES**

7. More than thirty days prior to the institution of this lawsuit, David Calzada, Jr. filed a charge with the Commission alleging violations of the ADA by Defendant, U.S. Drug Mart, Inc. d/b/a Fabens Pharmacy.

8. On April 26, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On June 22, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF CLAIMS**

12. Since at least March 2020, Defendant has engaged in unlawful employment practices in violation of in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. The unlawful practices were to discriminate against David Calzada, Jr. based on his disability (asthma) in violation of the Americans With Disabilities Act (ADA) by subjecting him to a hostile work environment, resulting in his constructive discharge, in violation of 42 U.S.C. § 12112(a), as amended.

13. David Calzada, Jr. was hired by Defendant as a Clerk/Pharmacy Technician

Trainee in August 2018. Calzada, who suffers from asthma, uses an albuterol inhaler and always keeps it on his person. In addition to verbally informing Defendant of his asthma, he frequently used the inhaler at the pharmacy, making his asthma open and obvious.

14. Following the outbreak of COVID-19, on March 26, 2020, Calzada requested an accommodation of wearing a facemask to work. He made this accommodation request to help prevent him from contracting the virus and because of his susceptibility to the virus due to his asthma. Calzada made the request to his direct supervisor. In response to his request, his supervisor told Calzada that she had spoken to her supervisor, Defendant's Chief Financial Officer and vice-president, and that the instruction from him was that Defendant was not allowing any employee to wear a facemask since it might give the appearance to customers that the employee was sick. When Calzada pressed that he needed to wear a mask because of his asthma, his supervisor replied that Calzada had two options: he could stay at work and not wear the mask, or he could clock out.

15. One day later, Calzada spoke to the Lead Pharmacy Tech and again requested the accommodation of wearing a facemask while at work because he has asthma. The Lead Pharmacy Tech sent him home from work and told him he was not allowed to return to work until he talked to his supervisor and the Pharmacist-in-Charge about wearing the mask.

16. On March 30, 2020, Calzada was again scheduled to work. He came to the pharmacy and requested to wear a facemask while at work. Thereafter, Calzada was called into a meeting in the office with his direct supervisor and the Pharmacist-in-Charge (PIC). During the meeting, Calzada was threatened with termination multiple times because of his request to wear a facemask. Calzada noted during the meeting with his supervisor and the PIC that he is at the risk of exposure to the coronavirus infection because he comes into direct contact with

customers. Calzada clearly identified his disability and expressed his health concerns, stating that he is asthmatic. He also stated that because he had asthma, he feared he would become very ill if he caught the virus and developed the consequent inflammation in his lungs.

17. In response, the PIC criticized and demeaned Calzada and threatened him with termination. He insulted the Charging Party by calling him a disrespectful, stupid little kid and told him that if it was the PIC's decision, he would "fire his ass" and that his only option would be to quit his job.

18. Shortly after the meeting, Calzada went home on his lunch break, highly disturbed by the harassment to which he had been subjected. He thought hard about the statements made during his meeting with his supervisor and the PIC, especially focusing on the multiple threats of termination. Due to those threats and the overwhelmingly abusive harassment, Calzada felt he had no choice but to resign.

19. The effect of the practices complained of in paragraphs 12-18 above has been to deprive David Calzada, Jr. of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

20. The unlawful employment practices complained of in paragraphs 12-18 above were intentional.

21. The unlawful employment practices complained of in paragraphs 12-18 above were done with malice or with reckless indifference to the federally protected rights of David Calzada, Jr.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant U.S. Drug Mart, Inc. its

officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones discrimination or harassment because of disability.

B. Order Defendant U.S. Drug Mart, Inc. to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant U.S. Drug Mart, Inc. to make whole David Calzada, Jr. by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement of David Calzada, Jr. or front pay in lieu thereof.

D. Order Defendant, U.S. Drug Mart, Inc. to make whole David Calzada, Jr. by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 12-18 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant U.S. Drug Mart, Inc. to make whole David Calzada, Jr. by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 12-18 above, including, but not limited to, job search expenses, in amounts to be determined at trial.

F. Order Defendant U.S. Drug Mart, Inc. to pay David Calzada, Jr. punitive damages for engaging in discriminatory practices with malice or reckless indifference to David Calzada,

Jr.'s federally protected rights, as described in paragraphs 12-18 above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        GWENDOLYN YOUNG REAMS
        Acting General Counsel

        SUZANNE M. ANDERSON
        Acting Regional Attorney
        Texas Bar No. 14009470

        /s/ Joel Clark
        JOEL CLARK
        Senior Trial Attorney
        Texas Bar No. 24050425

        /s/ Amanda D. Frizzelle
        AMANDA D. FRIZZELLE
        Trial Attorney
        Texas Bar No. 24105239

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Dallas District Office
        207 South Houston Street, 3rd Floor
        Dallas, Texas 75202
        Tel No. (972) 918-3611
        Fax No. (214) 253-2749

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that I have served the forgoing document via electronic mail to the following:

Farsheed Fozouni
THOMPSON COE
700 N. Pearl St, 25th Floor
Dallas, TX 75201

FFozouni@thompsoncoe.com

                                          /s/ Joel Clark
                                          JOEL CLARK