**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § Plaintiff, § § V. § § U.S. DRUG MART, INC. d/b/a FABENS PHARMACY, § § § Defendant. | CIVIL ACTION NO. 3:21-CV-00232 |

**DEFENDANT U.S. DRUG MART d/b/a FABENS PHARMACY'S ORIGINAL ANSWER**

Defendant U.S. Drug Mart, Inc. d/b/a Fabens Pharmacy ("Defendant"), through its undersigned counsel, hereby files its Original Answer to Plaintiff's Complaint (ECF 1-1, the "Complaint") by denying each and every allegation contained in the Complaint that is not expressly admitted below and by responding to the individually numbered paragraphs of the Complaint as follows:

**NATURE OF ACTION**

To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct or that Defendant violated any statutes, those allegations are denied.

**JURISDICTION AND VENUE**

1. This paragraph contains jurisdictional allegations and legal conclusions, and not factual allegations to which admission or denial is required. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct or that Defendant violated any statutes, those allegations are denied.

2. This paragraph contains jurisdictional allegations and legal conclusions, and not factual allegations to which admission or denial is required. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct, those allegations are denied.

## PARTIES

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## ADMINISTRATIVE PROCEDURES

7. Defendant admits that David Calzada, Jr. filed a charge of discrimination against Defendant more than 30 days prior to the institution of this lawsuit. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct or that Defendant violated any statutes, those allegations are denied.

8. Defendant admits that the Commission issued to Defendant a Letter of Determination on April 26, 2021. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct or that Defendant violated any statutes, those allegations are denied.

9. Defendant admits that the Commission engaged in communications with Defendant regarding the allegations in the Letter of Determination. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct, those allegations are denied.

10. Admitted.

11. Admitted.

## STATEMENT OF CLAIMS

12. Denied.

13. Defendant admits that David Calzada, Jr. was hired by Defendant as a Clerk/Pharmacy Technician in August 2018. Otherwise, denied.

14. Defendant is without sufficient information to admit or deny.

15. Denied.

16. Defendant admits that Calzada came into the pharmacy and requested to wear a facemask while at work. Defendant further admits that Calzada was called into a meeting with his direct supervisor and the Pharmacist-in-Charge (PIC). Defendant denies that Calzada was threatened with termination multiple times during the meeting because of his request to wear a face mask. Defendant admits that Calzada noted in the meeting with his supervisor and the PIC that he is at the risk of exposure to coronavirus infection because he comes into direct contact with customers. However, as Pharmacy Technician, Defendant denies that Calzada came into direct contact with customers. Defendant admits that Calzada stated that he is asthmatic. Defendant also admits that Calzada stated that because he had asthma, he feared he would become very ill if he caught the virus. Otherwise, denied.

17. Defendant admits that the PIC called Calzada a disrespectful, stupid little kid. Defendant further admits that the PIC told Calzada that if it was the PIC's decision, he would "fire his ass." Otherwise, denied.

18. Defendant is without sufficient information to admit or deny. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct or that Defendant, those allegations are denied.

19. This paragraph contains legal conclusions and not factual allegations to which admission or denial is required. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct or that Defendant violated any statutes, those allegations are denied.

20. This paragraph contains legal conclusions and not factual allegations to which admission or denial is required. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct or that Defendant violated any statutes, those allegations are denied.

21. This paragraph contains legal conclusions and not factual allegations to which admission or denial is required. To the extent this paragraph alleges that Defendant participated in any illegal or wrongful conduct or that Defendant violated any statutes, those allegations are denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE—DAMAGE CAPS**

Plaintiff may not be entitled to some or all of the relief he seeks because his claim for damages is limited by applicable statutory damage caps including, but not limited to, 42 U.S.C. 1981a(b)(3).

**SECOND AFFIRMATIVE DEFENSE—FAILURE TO MITIGATE**

Some or all of the relief Plaintiff seeks is limited by Plaintiff's failure to mitigate his damages, if any.

**THIRD AFFIRMATIVE DEFENSE—LEGITIMATE, NON-DISCRIMINATORY REASONS**

If same need to be pleaded as an affirmative defense, all actions, if any, taken relating to Plaintiff were taken for legitimate, non-discriminatory reasons.

**FOURTH AFFIRMATIVE DEFENSE—*DESERT PALACE*[1]**

Alternatively, while denying any employment decision made regarding Plaintiff was motivated in part by any prohibited or unlawful factor, Plaintiff is not entitled to some or all of the relief he seeks because any such employment decision would have been made irrespective of any prohibited or unlawful factor.

**FIFTH AFFIRMATIVE DEFENSE—CONSTITUTIONAL BAR ON PUNITIVE OR EXEMPLARY DAMAGES**

Defendant specifically denies any act or omission on its part or the part of any of its owners, partners, employees, or assigns that would justify any claim for exemplary damages or punitive damages. Any such claims against Defendant are in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims for punitive damages violate Defendant's rights to due process and to be free from excessive fines, penalties, and punishment under federal law.

**SIXTH AFFIRMATIVE DEFENSE—GOOD FAITH**

To the extent that Plaintiff seeks punitive damages, Plaintiff's claims are barred by Defendant's good faith.[2]

**SEVENTH AFFIRMATIVE DEFENSE—NO MALICE OR RECKLESS INDIFFERENCE TO FEDERALLY PROTECTED RIGHTS**

Defendant's actions, if any, taken against Plaintiff were not taken with malice or reckless indifference.

**EIGHTH AFFIRMATIVE DEFENSE—FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff's claims have no basis in fact and/or law.

---

[1] *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148 (2003).
[2] *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999).

**NINTH AFFIRMATIVE DEFENSE—RESERVATION OF DEFENSES**

Defendant U.S. Drug Mart, Inc. d/b/a Fabens Pharmacy reserves the right to assert other defenses and claims when and if they become appropriate during this action.

## PRAYER

WHEREFORE, Defendant U.S. Drug Mart, Inc. d/b/a Fabens Pharmacy, denies that Plaintiff is entitled to any relief in this cause and respectfully requests this Honorable Court (i) allow Plaintiff to recover nothing by this suit against Defendant (ii) dismiss Plaintiff's claims against Defendant, with prejudice, (iii) award Defendant a recovery of its costs, including attorneys' fees, and (iv) for any and all other and further relief to which Defendant may show itself justly entitled, whether at law or in equity.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Barry A. Moscowitz*
    **Barry A. Moscowitz**
    State Bar No. 24004830

Plaza of the Americas, 700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
bmoscowitz@thompsoncoe.com
Telephone: 214-871-8275
Telecopy: 214-871-8209

**ATTORNEY FOR U.S. DRUG MART, INC. d/b/a FABENS PHARMACY**

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5 (b)(2)(E) and 5 (b)(3), I hereby certify a true and correct copy of the foregoing document was filed electronically on this 29th day of November, 2021, and is accessible to all parties through the court's system.

Gwendolyn Young Reams
Acting General Counsel

Suzanne M. Anderson
Acting Regional Attorney

Joel Clark
Senior Trial Attorney

Amanda D. Frizzelle
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel: (972) 918-3611
Fax: (214) 253-2749

**ATTORNEYS FOR THE PLAINTIFF**

*/s/ Barry A. Moscowitz*
Barry A. Moscowitz